And that leads to our final case this morning, number 231182, Garrett v. McDonough. Adam Luck Thank you, Your Honors. Good morning, and may it please the Court. Adam Luck, appearing on behalf of Appellant Varnett, Jr., Garrett. The central issue in this case is when a favorable finding of fact made by a VA adjudicator actually becomes binding on subsequent VA adjudicators under 38 U.S.C. 5104A and 38 C.F.R. 3.104C. So suppose that the remand goes forward to the Board, right? And do you have an argument before the Board that the Q inquiry is improper at that point? Garrett Varnett, Jr. We have argued before the Board already, Your Honor, when this case was on its way up, that the VA has already made three binding favorable findings of fact that establish entitlement to service connection. Adam Luck That's a different question. Do you have an argument, if we hold that a remand is proper, let's assume we address the merits, do you have an argument before the Board that the Q issue is forfeited or gone or not before them or not a ground for ruling in favor of the VA? Garrett Varnett, Jr. Yes, Your Honor. So in this case, under Section 5104A or 3.104C, those binding favorable findings are already bound. And it's only when additional evidence is added to the record that VA may readdress those binding favorable findings and determine whether they have been rebutted by evidence of clear and unmistakable evidence rather that establishes a clear and unmistakable error in that original finding. Adam Luck I can't think of a clear and unmistakable error based on the record as it exists. Garrett Varnett, Jr. Well, Your Honor, so that would actually have a chilling effect for appeals going forward. For one thing, that's not how the Board understood its burden under 3.104C or 5104A. We know that from the Board's decision where it blindly accepted the two favorable findings of fact of in-service incurrence and current disability. And it didn't address those whether they were based on clear and unmistakable error or not. It just accepted those as binding automatically. And there should be no reason why the favorable nexus finding should be any different. Now, if in the case... Adam Luck, Jr. Because it's contradicted in the very findings, the document with the findings that you write, isn't it? Garrett Varnett, Jr. Well, the contradiction is not controlled by Section 3.104C or 5104A. The favorable findings are. And it's those favorable findings are what is controlling going forward. Those are what are binding on the Board moving forward. Jody Freeman, Chief Justice of the U.S. Supreme Court Don't you think that makes it, this case, a little different from your normal case where we're just dealing with a decision or something from the RO that is exclusively consists of favorable findings? Isn't this case different? Garrett Varnett, Jr. This is a very unique case, Your Honor. Jody Freeman, Chief Justice of the U.S. Supreme Court And so, I guess, what would prohibit the, where is your support for the notion that the Veterans Court was prohibited from remanding this case under the circumstances of this case, which you acknowledge are a little odd? Garrett Varnett, Jr. Absolutely, Your Honor. And that's because the regional office in the July 2019 made the three favorable findings that establish  Robert J. Reilly, Chief Justice of the U.S. Supreme Court Okay, but that's just saying that the issue which we just talked about that you can present to the board on remand is going to survive the remand. So, I don't see how under those circumstances you have a final judgment that's reviewable by us. The same issue will survive the remand. You can make it. Jody Freeman, Chief Justice of the U.S. Supreme Court Well, I will direct this Court's attention to its recent decision from just a few weeks ago in Chavez v. McDonough. Garrett Varnett, Jr. I'm familiar with it, but that's different. There was an argument there that there was a right to a decision without a remand. Mr. Garrett has the exact same right to a decision without remand. Jody Freeman, Chief Justice of the U.S. Supreme Court As Judge Prost says, where does that come from? Garrett Varnett, Jr. Because he has already satisfied entitlement to service connection. And this isn't just Mr. Garrett's argument. The Secretary has conceded that on page 11 of his brief. Jody Freeman, Chief Justice of the U.S. Supreme Court I understand what you're talking about. We have an issue. I understand what the issue is. You're saying that they can't find Q at this point. And you can make that argument on the remand of the board. What is it in the statute or the regulations that prohibits a remand for the board to consider that issue? Garrett Varnett, Jr. Well, just as a point of clarification, Your Honor, it's not even the issue is not that they can never find service, excuse me, can never find rebuttal of the favorable finding. It's that they have not done so yet. They have not done so since July 2019. They didn't do so in the board decision. And Jody Freeman, Chief Justice of the U.S. Supreme Court So it's a forfeiture argument. Like they should have made this earlier. They can't make it again. They have their chance before the board and the CAVC. Garrett Varnett, Jr. The VA has not met its burden under 3.104C or 5104A. And that's those Jody Freeman, Chief Justice of the U.S. Supreme Court So that same argument exists on the remand. Doesn't it? Garrett Varnett, Jr. The remand from the Veterans Court provides no benefit to Mr. Garrett because he has already entitled to service connection. The remand may be unnecessary, but that doesn't create finality. Jody Freeman, Chief Justice of the U.S. Supreme Court Section 38 U.S.C. 1110 provides that the government will pay compensation when the veteran is entitled to service connection. It is not discretionary. And because Mr. Garrett is entitled to service connection, 3.10, excuse me, 38 U.S.C. 1110 mandates compensation. Garrett Varnett, Jr. That's an argument for compensation. It's not an argument against a remand. Jody Freeman, Chief Justice of the U.S. Supreme Court I think a remand in this case, Your Honor, merely changes the issue on appeal from whether or, excuse me, from whether Mr. Garrett is entitled to benefits, which he already is. He already is service connected. He has established the three favorable findings necessary. The Veterans Court's remand changes that inquiry to whether he remains entitled to benefits. Because right now, those favorable findings remain binding. The VA has not met its burden. Garrett Varnett, Jr. No one has ever analyzed, I don't think, whether there is clear and unmistakable error to rebut the favorable finding that you find in the R.O. document. Has anybody done that analysis yet? Jody Freeman, Chief Justice of the U.S. Supreme Court That's precisely Mr. Garrett's point, Your Honor, is that it's VA's burden to do so in order to rebut a finding that is already binding. Garrett Varnett, Jr. On what basis would we say that, you know, there was no discretion to send it back to  Jody Freeman, Chief Justice of the U.S. Supreme Court Well, two points, Your Honor, because, again, Mr. Garrett, I'm going to sound like a broken record here, but Mr. Garrett's already entitled to benefits.   Jody Freeman, Chief Justice of the U.S. Supreme Court I think you're misreading the regulation. It says the finding is binding on all future adjudicators unless it's rebutted and essentially shown to be clear and unmistakable error. Isn't that what it says? Garrett Varnett, Jr. That is what it says, and that is VA's burden, and VA has not satisfied its burden, so it remains binding. And this understanding that it is an overt act, an affirmative finding by VA, is what is required in order to rebut a finding. So, again, the central issue in this case is when these findings actually become binding, it's Mr. Garrett's position that they become binding the instant they are made, and they are only no longer binding once VA satisfies its burden by showing clear and unmistakable evidence that establishes that there is a reason for that. Garrett Varnett, Jr. When you say they become immediately binding, I'm hearing you suggest, but help me if I'm wrong, time stops at that point, and the VA can't rebut because they're already bound by the earlier finding. That can't be what you're saying. Patrick Shephard, Ph.D. It just means it has not rebutted them yet, Your Honor. So, in this case, it has made favorable findings, and the unless portion of that statute and that regulation has not been triggered. Garrett Varnett, Jr. There's a remand to allow that to be triggered, at which you have a procedural and substantive argument. Well, that remand is adverse to Mr. Garrett because he is already entitled to benefits. Patrick Shephard, Ph.D. I agree it's adverse to him. So, maybe you had a father earlier, but that doesn't help you on the merits, does it? Garrett Varnett, Jr. I'm just trying to understand. Is your argument on the merits purely a process argument that they had their chance before the BVA? These favorable findings came out of the RL. They had the chance of the BVA to challenge them. They had it under CUE. They had a chance of the Court of Veterans Claims, and their failure to challenge it constitutes a waiver. So, they can't get a second bite at the apple based on a remand. Is that your argument? Patrick Shephard, Ph.D. Yes, Your Honor. It's 3.104C creates a binary system for favorable findings. That binary system is one in which the finding is made and binds VA adjudicators, and then if there is a showing by VA, VA meets its burden and rebuts that finding. It's not binding. If VA does not, it remains binding. But you're saying that they waived their right. There's been no dispositive resolution of whether or not they met the burden. You're saying they forfeited the opportunity. Patrick Shephard, Ph.D. Correct. And I would inquire, let's say a remand, the board never addresses it. We go back to court, we go back to the board, back to court, back to court, the board just never addresses it. Does that, that places Mr. Garrett in this limbo where he has satisfied all elements of service connection, and yet cannot get granted service connection because the board did not address that. Patrick Shephard, Ph.D. You could make that argument on the remand, right? Patrick Shephard, Ph.D. True, Your Honor, but again, Mr. Garrett is entitled to benefits now. The remand. Patrick Shephard, Ph.D.   Because he has satisfied it. Patrick Shephard, Ph.D. What's the argument as to why the remand to consider this issue is improper? Patrick Shephard, Ph.D. His argument is that he is entitled to benefits without a remand. Patrick Shephard, Ph.D. Why? Patrick Shephard, Ph.D. Because he has already satisfied the elements necessary for service connection, Your Honor, in July 2019. Patrick Shephard, Ph.D. That's an argument that could be made in every case. Patrick Shephard, Ph.D. Well, these are favorable findings that are binding on the board. It can't be made in every case. Because again, to Your Honor's point, this is a unique case in which there are three binding favorable findings that satisfy all three elements necessary for service connection. We don't see that in every case. This is a unique case. Patrick Shephard, Ph.D. But it's the interpretation of 3.104C and 5104A that require those favorable findings to remain binding unless they have been rebutted. And here, they have not been rebutted. Patrick Shephard, Ph.D. So that binary system... Judge Goldberg, Ph.D. Your argument just wipes out the finality rule. There's never a case in which there's going to be a lack of finality. You can argue...   Judge Goldberg, Ph.D. You can argue in any case that you're entitled to benefits now, so the remand is improper. Patrick Shephard, Ph.D. No, Your Honor. Because in other cases, there are factual items that need to be addressed. Whether a veteran was exposed to Agent Orange, for example. You know, boots on the ground or within the presumptive areas. Something like that. There's not that in this case. What is in this case are three binding favorable findings. So there is not... Judge Goldberg, Ph.D. There are other findings in this case that go exactly the other way. That's also in the record part of the evidence, right? Patrick Shephard, Ph.D. And those findings are not binding on any future adjudicator. Only the favorable ones are. Judge Goldberg, Ph.D. That's the issue. Patrick Shephard, Ph.D. Well, exactly, Your Honor. And that's why he is entitled now. Mr. Garrett has satisfied those elements necessary for service connection. And again, under that binary system, it either is rebutted or is not. And here, it has not been rebutted. Judge, did you argue that the VA waived its opportunity to show clear and unmistakable error? Patrick Shephard, Ph.D. Yes, Your Honor. They had that bite of the apple. Judge Goldberg, Ph.D. But where did you argue that there's a waiver or forfeiture? Patrick Shephard, Ph.D. Oh, well, in our brief to the Veterans Court, we argued that he has already satisfied the elements necessary and the VA has failed... Judge Goldberg, Ph.D. Did you argue to us that the VA has waived or forfeited its opportunity to show clear and unmistakable error? Patrick Shephard, Ph.D. I don't believe so, Your Honor. We've posed our arguments to this Court as the Veterans Court's error in satisfying or interpreting... Judge Goldberg, Ph.D. We all think that the Veterans Court had discretion to remand. But if there is a remand, you've not said on that remand the VA has further forfeited its opportunity to be heard, have you? Patrick Shephard, Ph.D. I don't think there's discretion to remand, Your Honor, because he's satisfied. Judge Goldberg, Ph.D. I know that. Patrick Shephard, Ph.D. I told you I was going to sound like a broken record. Judge Goldberg, Ph.D. If we disagree, have you made a secondary argument that even on a remand, the VA has no opportunity to show clear and unmistakable error? Patrick Shephard, Ph.D. Not in those expressed terms, Your Honor. But the Veterans Court often cannot, has repeatedly held, I should say, that it cannot disturb factual findings favorable to the veteran. So this does fall in, again, a very unique case, Your Honor, in which the three favorable findings, it dictates when they become binding or not. And it's Mr. Garrett's position that they have not yet become binding. Judge Goldberg, Ph.D. All right, you want to save your rebuttal time here? Patrick Shephard, Ph.D. Yes, Your Honor. Judge Goldberg, Ph.D. Okay, Ms. Welch. Ms. Welch, V.C. Good morning, and may it please the Court. Mr. Garrett does not make a colorable claim that he has a right to avoid a remand. In fact, the only way his argument works is that the Veterans Court has to decide a case where the Board failed to make an initial factual finding on an incorrect evidentiary record. So to begin with Judge Stipe's question at the very beginning, you asked, will they still have a CUE argument on remand? Yes, they can make an argument about clear and unmistakable error if the Court, if this is remanded back to the Board and the Board makes a decision, and in fact they say there was clear and unmistakable error and that there was no favorable finding. In fact, they can make that argument again to the Veterans Court that there is no clear and unmistakable error. And they can make the forfeiture argument too, right? They could, Your Honor. But the fact of the matter is that there is just no factual decision in the first instance in this case. We're playing in this space right now where we're saying there was a favorable finding, but in fact it's unclear that there was. If you look at the record on page 38, it says specifically there was no nexus. And then in the summary on page 39, very next page, just a couple sentences later, they say there's a service connection. So on the facts of the record specifically, it's not clear whether or not there was actually a favorable finding. And if this will go how Mr. Garrett wanted it to go and specifically say that these favorable findings, once they happen, are binding forever, that doesn't make any sense with Congress' intent. Congress would not have had the favorable finding provision with the specific... I guess I'm a little confused about what you're saying. Yes. Are you saying that on remand you're going to say you can challenge this is not a favorable finding? Because on your brief on page 21, you say the correct threshold evidentiary question, you're talking about the remand, is whether the internally inconsistent favorable finding was re-vetted by CUE. Yes. So I thought the government was conceding that you're going to have to show CUE on the remand. Yes, we will have to show CUE. I was just pointing out the fact that on the record itself, while it does appear to be a favorable finding, it doesn't mean that there's a favorable finding forever. Here, if we show CUE, then there would not be a favorable finding forever. So I might have misspoken away. But what I'm trying to say is that just because there is perhaps a favorable finding now, doesn't mean that a favorable finding actually really existed. Because if you were able to establish that by CUE. Yes, Your Honor, that's correct. If we are able to establish that. Have you ever seen an issue like this where you've got an irreconcilable inconsistency in a two-page document? Your Honor, not in any of these cases where these Williams factors are dealt with in terms of whether or not something is reviewable. I would point out that this case is from the early days of the AMA. And before the AMA, board review was de novo. So the favorable findings before the AMA weren't binding on the board. This was a new concept. It is possible that the board just might have made a mistake here. And that's what was argued below. We're not arguing that now. We're arguing that we could prove clear and unmistakable error. But it is. And it's based on the record. Does it exist? Yes, Your Honor. Yes. Because there's also confusion in this case, which I've not seen before either. Yes. Because there's stuff that went on shortly after that that's not part of this record. Correct. Yes, Your Honor. And that's the problem I pointed out at the top. In fact, the decision that was made was not made on the correct record. They included a July 27 medical examination. The record closed on July 2. The Veterans Court didn't say whether or not that was prejudicial. But they did tell the board, you need this time to look at the correct record. So in this case, if the Veterans Court was forced to not remand and take a look specifically at what's happened here, they would have to make a determination both where facts were never found, determining what was wrong in terms of page 38, where it says there wasn't a favorable finding on page 39. And they would also have to determine it on an incorrect record. So it's not clear here. And to make the Veterans Court do that in the first instance, that's not the Veterans Court's purview. It's not their purview in the first instance to make factual determinations. And the record is not clear for that. That's why they asked the board to go back. And does this go back to the R.O. or just to the board? Just to the board, Your Honor. The board would look at the R.O. decision and figure out, because what the board could have done in this case, and they didn't, obviously, is they could have addressed the fact that the R.O. seemed to make a contradictory finding. They didn't do that. And that's why we sit here today with, as you said, a very unique set of actual scenario here, where it's strange that it's clear that there was a discrepancy in the record, but the board just doesn't comment on it. But do anybody make the argument below, and if not, why not, that this isn't really a favorable finding? We don't know what this animal is because it's a complete contradiction. That wasn't made by the government at any point, right? No, no. Below the argument that was made by the Secretary was that there was a typo. In terms of just the final page of the R.O. decision, where it says that there was a connection. So I think by arguing that it was a typo, there would be some sort of argument that, in fact, a favorable finding wasn't made, just because if there was a typo, then it wouldn't be a favorable finding. Like I said, we're not arguing specifically that no favorable finding was made. We're just arguing that clear non-mistakable error could rebut the fact that no favorable finding exists. The problem is we simply don't know. And the Veterans Court recognizes that they say that there's contradictory findings. There's a favorable finding, but there's also a contradictory finding. Why couldn't all of this have been adjudicated while it was before the Veterans, Court of Veterans Claims, which would have obviously obviated the need for a remand? There's nothing new and different about what the arguments made here. Why wasn't this already taken care of? This couldn't have been taken care of at the Veterans Court, Your Honor, for the two reasons I've stated. First of all, the Veterans Court couldn't make an additional determination on the record because the record was unclear. They needed the board specifically to say why they said there was no service connection. And on the facts here, there were two differing factual sets on Appendix 38 and 39. And they needed the board to say why they weren't taking the RO's recommendation that there, well, the RO said there was no service connection. And then the board said that. But no one had ever addressed the fact that there was two conflicting findings. And in the first instance, the Veterans Court can't decide conflicting factual findings. And then the second prong of that is, of course, the fact that it was decided on the wrong record. And the Veterans Court said we also can't look at a case where the board has made a determination on the incorrect record. And in terms of the record, I think you've already conceded this. I just want to be clear. If we affirm the remand, you concede that the record on which the VA would have to show clear and unmistakable error is the record that already exists as modified by the Veterans Court. You're not going to try and introduce new evidence, correct? No, no, no, no. This isn't a case where I know that in some cases that deal with the Williams factors, this court does get concerned about the fact that what happens if the Veterans Administration tries to take a second bite at the apple, like Judge Crowe said. This is not a case where there's a second bite at the apple. This is simply on the same exact record, nothing additional. What was the board thinking? What was going on here with these two conflicting factual findings? And would you comment briefly on the Williams factors in light of the Chavez opinion? Is it still the government's position that we should not reach the merits of this case? It is still the government's position. As you know, in the briefing, we conceded that they would meet Williams Factor 1. And after Chavez, we think that they might also meet Williams Factor 2. However, Williams Factor 3 is where we still stand our ground and say that there is not a colorable claim that they're bringing for remand. And it's not a colorable claim because they're arguing... It's not a colorable claim that there's a right to remand. Yes. Yes. Yes, Your Honor. And there's not a colorable claim that there's a right to avoid remand simply because of the language of the statute dealing with favorable findings and clear and unmistakable error itself. That statute was not written in a way that once something was binding, it was forever binding, and that someone could just continue to have a favorable finding that might have adhered on a mistake. It doesn't happen often, clearly, but it's something that Congress, if they'd wanted a favorable finding to adhere forever, they would have specifically said that. And it's not colorable to make an argument that the Veterans Court needs to decide something in the first instance where there's still factual issues. That is something that can be argued on... Well, they can argue on remand why they believe clear and unmistakable error can't be found. That's something that's... This Court, under the Williams Factor, is under Factor 3. They just simply don't meet that factor. I want to make sure I understand that I'm following Williams Factor 3. What do you understand to be Williams Factor 3? There's a substantial risk that the decision would not survive remand. Okay, and i.e. that the remand proceeding may moot the issue. Yes. Can you help me understand why you think that's not met? Can you summarize that again? Yes, the remand proceeding wouldn't moot the issue because on remand they can still argue that this finding should be binding or that if the veteran... Okay, I think I understand what you're saying. His issue is he shouldn't have to go through a remand that he's entitled to the benefits now. You may say that's a frivolous issue, but that issue is not just a substantial risk. It would be mooted. It is mooted as soon as we remand, correct? Your Honor, I think the reason we would disagree and we think that Williams Factor 3 stops them from being heard in this Court is that Williams has to mean something if the only issue that won't survive remand is the issue that you've mentioned, which is the fact that he won't be able to argue that right now he's entitled at this very moment to this favorable finding. But we would tie it to the language in Williams which says that it's a colorable claim to avoid remand. And if Williams, as I said, is to mean anything, it has to be a colorable claim to avoid remand. Here we simply don't have a colorable claim where he's saying that something untoward might happen or as they said in Adams, and even in Adams at the end of the day, a remand was granted or the remand was allowed to go forward. So they can make an argument that there's something untoward happening or an issue, but this is not that case. And even in a case where that sort of factual scenario exists, the remand still was allowed to go forward. So my impression hearing some of these veterans' cases recently is that there's a fairly frequent argument being made now that there's a right to a decision without a remand. Or is the VA seeing a lot of those arguments being made, a lot of those cases being brought? Yes, Your Honor. And as I'm sure you know, the Love case that just came out, which you wrote, that you briefly touched on a hypothetical where Williams might be met. And that's a scenario where we see that Williams could be met, but we are seeing more and more of these cases. And I think that's the problem with expanding Williams is if this sort of claim is allowed to go forward under Williams, if it's considered to be this court can hear it, we continue to expand Williams where it's no longer an exception. It's just the wide rule. Everyone can get in and everyone can simply make an argument that they're entitled to win without remand. And Williams was set in place in the first place to streamline claims and to make sure this court was hearing things in the first instance that it had jurisdiction to hear. Do you think this is less colorable than the claim in Chavez? Yes, I do think this is less colorable than the claim in Chavez because in Chavez, they did make the claim so that he had argued that when the board fails to use the correct standard in the rating reduction case, the decision was void and the prior rating must be reinstated. Here, there wasn't even an incorrect standard used. There was a simple factual mismatch. We do not know in the first instance what occurred here. And for Mr. Garrett to argue that the binding nature of a favorable finding that the statute just allows binding nature to be binding forever, the facts of this case are different from Chavez in the fact that it is not... It's absurd to think that a statute that has the language where it can be rebutted by clear and unmistakable error would be so binding that it can never be rebutted. It has the specific safety valve of language to say there is this option to have clear and unmistakable error. And to say that that's binding forever, it's just not colorable. So I do believe this case is less colorable than Chavez. Obviously in Chavez, they met the Williams factors. They were allowed to go forward. But even then, in the end, the remand, it would have been proper. So I think that... What about the argument that there was a waiver here that in the absence of having... I mean, would you acknowledge to Judge Dyke, I think, that could be an argument made below? They could make a waiver argument. I don't think it would be successful on the merits just because that's not how the statute is written. There's a... Well, yeah. I mean, we're talking about whether there's a colorable claim here. We don't need to have a likelihood of success on the merits. Well, I think the problem that would be that they did not make a waiver argument here. They made an argument... And I think the question is whether there's a colorable claim to have a right to a decision of that question without a remand. Yes. And there's hardly any argument as to why they can avoid a remand to have that issue addressed by the board. Yeah, that is the issue, Your Honor, is that they argue simply that this 3.104, without exception, allows them to have a favorable finding and they can continue with that and they should not have a remand. But the fact of the matter is the language of 3.104 does not say that. Because it has this clear and unmistakable error valve, that is in existence. I think that what they argue, when you mentioned waiver and how they didn't bring waiver up, I don't think they bring it up because they believe that the language of the statute is so clear that they're just right in the first instance and that the VA is not allowed to rebut something once it attaches. But that's simply not the language of the statute, Your Honor. I can see why expanding Williams might be a problem for the court. Is it a problem for the government? I mean, if the veteran wants to take their time to come up to us, again, I can see why that may be a problem for us. Is it a problem for the government? I suppose it would depend, which is not directly answering your question. But I think that in this case, the expansion of Williams would make it so we are defending more cases that should just be remanded. And I'm here today defending a case that should be remanded in the first instance. I think that while we would be happy to continue to argue these cases, I think that it's probably better for your resources and our resources as well for the cases to just go back because he could win below. So I think that while I'm happy to argue this, I think that he could win below. And I think that... I'm happy to be here too, just to stipulate. Yes, Your Honor. Are there any further questions? Thank you. Thank you. If the court is... We ask the court to dismiss the appeal or affirm the decision of the Veterans Bar. Thank you. To briefly address a few of the items... I really don't understand why the Veterans Bar keeps bringing these cases up. I mean, don't you have more important things to do than to argue for repeatedly that there's a right to a remand? I can't speak to other cases, Your Honor. I can't speak to other cases, Your Honor. But in this case, the three favorable findings have been met. And to the Secretary's point about we don't know whether there has been a favorable finding or not, the Veterans Court already resolved that and said, yes, there absolutely is a favorable finding regarding nexus. It says that at Appendix 3. That falls under 3.104C. So there isn't a question about whether we have a favorable finding. We do. And that favorable finding is binding. And that's why this court is here. Unless it's rebutted by CUE. And it has not been. And that's the important distinguishing factor about this case, is that it has not been rebutted by CUE. And because of the... And just to follow up on Dr. Dykes' point, I won't belabor it, but it's your client that's losing like two years of an adjudication. We all know that historically, the problem is that these adjudication of these claims takes so long. I'm assuming that nothing is happening pending this appeal, which costs your client a year, year and a half or whatever, if you're assuming you lose. Which is why this case is actually so important, Your Honor, because if this court holds that the favorable findings made under 3.104C and 3.104A are binding immediately, just as Congress intended so we don't have to relitigate every single time all the issues as to whether they remain binding or not, that benefits veterans because it avoids cases like this in the future. They look at the favorable findings. Are they binding? Great, let's move on. Okay, I think we're out of time. Yes, Your Honor. Thank you. Thank both counsel. The case is submitted. That concludes our session for this morning. Thank you.